REDMANN, Judge.
From a judgment on jury verdict against a garbage truck driver and the truck’s insurer for the wrongful death of a 17-year-old boy working with the garbage truck crew, his biological father, his legal father, his mother and the truck’s insurer appeal.
We preliminarily reverse the judgment against the insurer, whose applicable exclusion is effectively identical to that applied in Spain v. Travelers Ins. Co., La.1976, 332 So.2d 827. (We therefore do not rule on the expert fee questions raised by the insurer alone.)
Plaintiffs’ appeal aims primarily at Pat Ford, president of the corporate employer of the garbage truck crew. The jury found him negligent but found his negligence not a “proximate cause” of the accident.
The accident occurred when the driver suddenly drove the truck backwards to *467 catch a missed pick-up and the boy fell under the truck from a “picker’s platform” at its rear.
Plaintiffs’ theory of Ford’s liability is that “he actually knew that his drivers were . . . backing up huge garbage trucks in residential subdivisions . . .” Accepting that the presence of young children in a residential area might impose a duty upon the driver towards the children not to back up, and thus arguably might impose a duty upon the company president to instruct drivers not to back up, nevertheless injury to an employee who falls off the truck is not a risk designed to be avoided by the imposition of that duty upon the company president. Breach of that duty towards the children is therefore not a legal cause of the injury to and death of the employee. See Pierre v. Allstate Ins. Co., 1970, 257 La. 471, 242 So.2d 821. (Moreover, the jury may also have concluded that it was not the simple backing up, but the suddenness of it, that caused the boy to fall.)
Similarly, plaintiffs’ argument that Ford’s causative fault was failure to “train, instruct and supervise employees as to safe operating procedures” (ignoring that Ford and the truck’s other garbage picker testified that Ford did instruct pickers not to stand on the back of the truck but on its side towards the rear) is unpersuasive because directing employees not to back up in a residential subdivision is a duty owed, if at all, to the children of the subdivision and not to the truck employees.
That Ford let the boy work in shoes with worn heels and no shoestrings, of which plaintiffs complain, was not shown to be a “cause in fact”, Pierre, supra, (a sine qua non or condition precedent, a “but for” element) of the accident. That the boy’s clothing was “dangerous and unsafe” is similarly remote.
Plaintiffs’ argument that hiring a known incompetent as a driver makes a corporate officer personally liable for the incompetent driver’s driving torts may be legally sound but it is not factually supported. Despite his fault in this .accident, this driver was not shown to be a known incompetent.
Plaintiffs also argue that Ford “knew or should have known” that the boy was a 17-year-old minor rather than an 18-year-old major. They cite Boyer v. Johnson, La.1978, 360 So.2d 1164, which we distinguish because of the statutory prohibition there involved. A legislature might proscribe employing 17-year-olds on garbage trucks to prevent their exposure to unreasonable risks (possibly including that the truck should back up suddenly and cause them to fall to injury or death under its wheels); or a jury might (if it had more facts than this one had) conclude that hiring this 17-year-old for such work was a causative fault of his injury and death (because, for example, if the evidence had shown it, he was obviously as immature as a ten-year-old, unable to protect himself against the ordinary risks on a garbage truck). But in the absence of legislative proscription or evidence of patent, unusual immaturity or the like, the hiring of a 17-year-old is not fault causative of an injury which, like that which here occurred, could as easily have occurred had he been 18 or 20.
We cannot substitute our evaluation of the evidence for that of the jury, Canter v. Koehring Co., La.1973, 283 So.2d 716, and we therefore cannot say the jury’s verdict is not supported by the evidence.
On the argument by the boy’s biological father that the $35,000 award is inadequate, we find no abuse of the jury’s “much discretion”, C.C. 1934(3); Coco v. Winston Ind., Inc., La.1977, 341 So.2d 332.
On the appeal by the boy’s “legal father” (“the husband of the mother”, C.C. 184) and mother from the rejection of their claims, we first note that the mother and her husband had been living separate and apart for nine years at the time of the boy’s birth, and that, from the time the boy was three or four months old (or a year, the mother also testified) he lived with and was raised by not the mother but the biological father and his family.
C.C. 2315 provides, in part,
*468 The survivors in whose favor this right of action [for the decedent’s own non-property damages] survives may also recover the damages which they sustained through the wrongful death of the deceased.
The jury evidently concluded that one having no relationship whatsoever to the decedent other than the fictional position of “legal father”, although by law within the category of beneficiaries with a right of action for damages “which they sustained”, did not sustain any damages by the wrongful death. We affirm this view.
Presumably the jury’s view was identical as to the mother. It is true that the mother, unlike the “legal father”, is more than a fictional parent; she is also a biological parent. Additionally, she did testify that her son saw her “off and on” and had told her “right before he got killed” that he had a job. However, there is no other evidence than her testimony to support a conclusion that the mother had any social relationship whatsoever with her son. The jury presumably concluded that she had not met her burden of proving that she had suffered damages through the wrongful death of her son. We cannot say that this conclusion is unsupported and we therefore must leave it undisturbed; Canter, supra.
(The mother and legal father do not argue for recovery on the basis that the boy’s own entitlement to damages for his suffering prior to death devolves to them rather than to the biological father under C.C. 2315.)
Reversed at plaintiffs’ cost as to Security Insurance Company of Hartford; otherwise affirmed.