615 So.2d 1337 (1993)
Ronald BARNES, Sr. and Denise Barnes, individually and on behalf of the Estate of the late Ronald Barnes, Jr.
v.
James L. BOTT, individually and on behalf of his minor son, James D. Bott, State Farm Insurance Company and Orleans Parish School Board.
No. 92-CA-1362.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 1993.
On Rehearing March 23, 1993.
Writ Denied June 4, 1993.
*1339 Allain F. Hardin, David W. Bernberg, Jacobs, Manuel & Kain, New Orleans, for plaintiffs-appellants Ronald Barnes, Sr., and Denise Barnes individually and on behalf of the Estate of the last Ronald Barnes, Jr.
Clare Jupiter, Bryan, Jupiter, Lewis & Blanson, New Orleans, for defendant-appellant Orleans Parish School Bd.
Before KLEES, LOBRANO and PLOTKIN, JJ.
KLEES, Judge.
This is the second appeal stemming from an accident in 1986 which resulted in the death of the six-year-old son of plaintiffs, Ronald Barnes, Sr. and Denise Barnes. The facts and procedural history of the case are as follows.
On March 20, 1986, at approximately 3:05 p.m., Ronald Barnes, Jr., a first grade student at George Washington Elementary School, was struck by a car being driven by James D. Bott. The little boy was struck and killed as he attempted to cross the intersection of St. Claude and Alvar Streets. The child had been dismissed from school at 3:00 p.m. and was walking home with his half-brother, Kevin Goodman. Apparently, Ronald lost a shoe while crossing the street, and was struck when he returned to retrieve it. Kevin Goodman had also turned around to pick up the shoe, but had jumped from the path of the car to avoid being hit.
At the time of the accident, the City of New Orleans employed approximately sixty-six school crossing guards who were assigned to cross students at various public schools in the New Orleans area. Darleen George, the guard who had been assigned to the corner of St. Claude and Alvar Streets near George Washington School, was not present on the day of the accident due to illness. No replacement had been assigned to this intersection, and on the day of the accident the children crossed the street without supervision.
This suit was instituted by Ronald Barnes, Sr. and Denise Barnes, the parents of Ronald Barnes, Jr., against James L. Bott, individually and on behalf of his minor son, James D. Bott, the Botts' insurer and the Orleans Parish School Board ("School Board"). Kevin Goodman, the decedent's half-brother, was subsequently added as a plaintiff in this matter. Plaintiffs later amended their petition to include as defendants Darleen George and the City of New Orleans. Prior to the trial of this matter, plaintiffs settled their claims against the Botts and their insurer and the City of New Orleans and Darleen George. Plaintiffs then proceeded to trial against *1340 the only remaining defendant, the School Board.
At the conclusion of the non-jury trial, the trial judge found that the School Board had not breached any duty it owed to plaintiffs. The trial court therefore rendered judgment dismissing plaintiffs' suit on May 2, 1989. Plaintiffs appealed to this court. On November 29, 1990, we reversed the trial court and held that the School Board had breached its duty to its students by failing to adopt and implement a procedure which would require a designated school employee to verify the presence of a crossing guard and to provide for alternate personnel or a timely warning in the event of the guard's absence. Barnes v. Bott, 571 So.2d 183 (La.App. 4th Cir.1990), writ denied, 573 So.2d 1141 (La.1991). We concluded, however, that we could not assess damages based upon the record because it did not contain a essential element for determining the amount of damages owed by the School Board. The missing element was an allocation of the fault of those defendants who had been released prior to trial, namely the driver of the vehicle and the City of New Orleans, which employed the crossing guard, Darleen George. We therefore remanded the case to the trial court with instructions to "allocate liability among all defendants." Id., 571 So.2d at 186.
The trial court did not hear any more live testimony, but did take evidence in the form of depositions concerning the liability of the driver and of the City. On January 28, 1992, the trial court issued judgment assigning liability in the following percentages: James D. Bott (the driver), 50%; Orleans Parish School Board, 15%; New Orleans Police Department (the City), 10%; and Ronald Barnes, Jr. (the deceased child), 25%. The trial court did not determine the amount of damages. Subsequently, after granting a new trial to consider new evidence in the form of an additional deposition, the trial court reaffirmed its judgment of January 28, 1992.
Plaintiffs now appeal this judgment contending that the allocation of fault made by the trial court is manifestly erroneous. After reviewing the record, we find that the trial court did commit manifest error by attributing a percentage of fault to the deceased child and by failing to assign a sufficient degree of fault to the School Board and the City. Therefore, for the reasons that follow, we have reallocated the fault among the defendants in accordance with the facts in the record. Furthermore, recognizing the constitutional authority of an appellate court to make factual determinations based on the entire record (See Gonzales v. Xerox, 320 So.2d 163 (La.1975)), we have assigned the amount of damages to be awarded each party.

ALLOCATION OF FAULT
Plaintiffs argue that the fault of the Orleans Parish School Board should be set at 70% rather than the 15% determined by the trial judge. Additionally, plaintiffs contend that the driver's fault should be reduced from 50% to 20%, that the City's fault should remain at 10%, and that there should be no fault attributed to the six-year-old child who was struck. Defendant, the School Board, agrees that the child was not at fault, but urges us to raise the degree of fault of the driver to 70% and that of the City to 20%, and to decrease the degree of the School Board to 10%.
We agree with both sides that the trial judge committed manifest error in assigning a percentage of fault to then six-year-old Ronald Barnes, Jr. Pretermitting the question of whether a six-year-old is actually capable of negligence in such a situation, there is absolutely no evidence in this record that even arguably indicates fault on the part of this child. There is no evidence that Ronald Barnes, Jr. exhibited any conduct which was below the standard expected of the average six-year-old. Therefore, the trial court was clearly wrong in assigning 25% liability to Ronald Barnes, Jr., and we reverse that portion of the judgment.
However, we find no manifest error in the trial court's assignment of 50% liability to the driver of the vehicle. Three eyewitnesses to the accident, whose deposition testimony was introduced at the trial *1341 on remand, all stated that the driver was going much faster than the speed limit posted in the school zone. One witness stated that the driver seemed to speed up as soon as the group of children passed in front of his car, causing him to hit Ronald Barnes, Jr. hard when the child turned back to retrieve his shoe. We therefore conclude that the evidence supports the trial judge's finding of 50% liability on the part of the driver, and we affirm that portion of the judgment.
Turning to the City and the School Board, we find that they must bear equally the remaining 50% of the fault in causing the accident. The City's employee, Darlene George, testified that she was absent from her position as crossing guard on the afternoon in question because of illness, and that she did not notify either the New Orleans Police Department ("NOPD") or the school of her intended absence. She also stated that she had never been informed that she should call when she was going to be absent. The testimony from NOPD personnel established that either the school principal or the NOPD was to be contacted by the school crossing guard in the event of the absence of the guard. This notification process, however, was neither well-defined nor in writing, which is the fault of the City.
The testimony also established an equal degree of liability on the part of the School Board. Ethel Martin, principal of George Washington School, knew that it was her responsibility to monitor the attendance of the crossing guards for payroll purposes. There was a log book in the school office in which the guards signed in and out. Ms. Martin saw the guard in her office almost everyday. Ms. Martin's secretary and clerk also monitored the attendance of the guards.
The administrators of the schools, who were in day-to-day contact with the crossing guards, were in the best position to know whether or not the guards were present on any given day. Ms. Martin testified that she would either warn the students or find a substitute guard, usually herself, when she was made aware of the absence of the guard. By participating in and accepting the benefits of the program, the School Board voluntarily assumed the duty of verifying that the crossing guard would be present at designated intersections during her normal duty hours. The School Board breached that duty to its students by failing to adopt and implement a procedure which would require a designated School Board employee to verify the presence of a school crossing guard and to provide for alternate personnel or a timely warning in the event of the guard's absence.
As the combined negligence of the City and the School Board contributed equally to the causing of this accident, we find each of these parties to be liable to the plaintiffs in the degree of 25%. Accordingly, the trial court's allocation of liability is modified to read as follows: James L. Bott, 50%; the City of New Orleans, 25%; and the Orleans Parish School Board, 25%.

DAMAGES
We turn now to the assessment, based on the facts in the record, of the amount of damages sustained by each party. Plaintiffs, Ronald Barnes, Sr. and Denise Barnes, who separated in 1983 when Ronald Barnes, Jr. was three years old, each seek damages for the loss of their son. Plaintiffs also seek compensation for the emotional trauma suffered by the half-brother of Ronald, Jr., Kevin Goodman, who witnessed the accident. Finally, plaintiffs seek damages for the pain and suffering allegedly experienced by Ronald Barnes, Jr. prior to his death.
Ronald Barnes, Jr. lived with his mother, Denise Barnes, with whom he had a very close and loving relationship. Denise Barnes testified that Ronald was an affectionate child, a "mamma's boy," who often kissed her, sat on her lap and brought her flowers almost everyday. He also helped with his two-year-old sister. Ronald's grandmother, Belinda Williams, confirmed that Ronald was very close to his mother. Denise Barnes was "in shock" when she learned of Ronald's death. She underwent weekly psychotherapy sessions with a social worker for ten months to cope *1342 with her grief. At the time of trial, Denise's mother Brenda Williams testified that Denise had been "real nervous" since Ronald's death.
In view of this evidence, we find that Denise Barnes is entitled to $200,000 compensation for the loss of her son. This figure comports with prior awards to parents in similar situations for the loss of a young child. For example, in Anderson v. New Orleans Public Service, Inc., 572 So.2d 775 (La.App. 4th Cir.1990), aff'd, 583 So.2d 829 (La.1991), we approved an award of $150,000 to a single mother whose three-year-old son was killed in a pedestrian/bus accident.
With regard to the claim of Ronald Barnes, Sr., we find that the evidence does not support an award to him for loss of his son. Ronald Barnes', Sr., left the New Orleans area two years prior to the death of his son to work elsewhere. He did not make any significant financial contribution to the support of his son from the time he and Denise separated. Although he testified that before he left town he saw his son everyday, further testimony revealed that these were no more than chance meetings when the father would briefly say hello to the child when he happened to see him playing at the park or outside of his home. Denise Barnes testified that during the three-year period between their separation and Ronald, Jr.'s death, Ronald, Sr. only visited her home once or twice, and that on these occasions, he spent no time with his son. Denise's mother corroborated this fact. The father also never sent presents, Christmas cards or birthday cards to his son or talked to him by telephone. The evidence in the record does not establish that Ronald Barnes, Sr. had a viable relationship with his son that would entitle him to damages for his son's death. One who is little more than the legal and biological parent of a wrongly-killed child, without being a partner in a valuable parent-child relationship, is not entitled to a monetary award for the death of the child. Mitt v. Security Ins. Co., 361 So.2d 465 (La.App. 4th Cir.1978), writ denied, 362 So.2d 1116 (La.1978); King v. State Farm Mutual Automobile Ins. Co., 485 So.2d 578 (La.App. 4th Cir.1986), writ denied, 488 So.2d 201 (La.1986), cert. denied, 479 U.S. 884, 107 S.Ct. 275, 93 L.Ed.2d 251 (1986).
Concerning the claim on behalf of Kevin Goodman, the half-brother of Ronald, Jr., we find that plaintiffs are entitled to $15,000 in damages for the trauma he experienced. Kevin was walking with Ronald, Jr. at the time of the accident and had to jump out of the way to avoid being hit by the car. After the incident, Kevin became withdrawn, and experienced sleeping problems as well as intense guilt feelings. He was treated by a child psychologist weekly for almost a year.
Finally, regarding plaintiffs' claim for damages for the pain and suffering experienced prior to death by Ronald Barnes, Jr., we find that there is no credible evidence to show that the child lived for even an instant after being struck, or that he suffered. Plaintiffs' primary basis for this claim is the deposition testimony of eyewitness Warren R. James, who stated that immediately after the impact the child seemed to be in pain, although he was dead by the time the ambulance arrived. After reading Mr. James' entire testimony, however, it becomes clear that he observed the child from the first moment he saw him to be still, unmoving, unconscious, with his eyes rolled back into his head and an expression of pain on his face. This testimony is insufficient proof that the child survived long enough to experience suffering. We therefore decline to award any amount for the pain and suffering of Ronald Barnes, Jr. There is also no proof that his estate is entitled to any award for loss of future happiness or enjoyment of life.
In assessing damages, we note that under the law applicable at the time of the accident, plaintiffs are entitled to receive the entirety of the award from the School Board, a solidary obligor. This accident occurred in 1986, a year before Civil Code article 2324 was changed with respect to solidary obligations. This court has expressly held that the 1987 amendment to article 2324 is a change in the substantive *1343 law and therefore may not be applied retroactively. Perez v. State Dept. of Trans. & Dev., 578 So.2d 1199, 1205-1206 (La.App. 4th Cir.1991), writ denied, 581 So.2d 706 (La.1991); Morrison v. J.A. Jones Constr. Co., 537 So.2d 360, 365 (La.App. 4th Cir. 1988). Under the prior article, a defendant was answerable in solido for concurring fault except when the plaintiff's contributory negligence was greater than the defendant's negligence, in which case the defendant was only liable for the percentage of his own fault. In the instant case, as we have found Ronald Barnes, Jr. to be without fault, the School Board is responsible for the total damages as a solidary obligor. The School Board of course may assert its own rights of contribution or indemnity against the other defendants.
Accordingly, for the reasons stated, the district court's judgment is reversed in part, affirmed in part, modified and rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the percent of comparative fault of the minor James D. Bott is Fifty (50%) percent; Orleans Parish School Board is Twenty-five (25%) percent; and the City of New Orleans Police Department is Twenty-five (25%) percent.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, the Orleans Parish School Board, is liable to plaintiffs in the following amounts: Two hundred thousand (200,000) dollars for damages suffered by Denise Barnes; and Fifteen thousand (15,000) dollars for damages suffered by Kevin Goodman, plus legal interest and costs. Costs of this appeal are assessed to the defendant's.
REVERSED IN PART; AFFIRMED IN PART; MODIFIED AND RENDERED

ON REHEARING GRANTED
Defendant the Orleans Parish School Board petitioned for rehearing and we granted same in order to correct an error in our prior opinion.
This case stems from the death of a six-year-old child who was struck by a vehicle while he attempted to cross the street after school without the aid of a crossing guard, who was absent that day. On February 26, 1993, we rendered judgment finding the driver of the vehicle to be fifty percent (50%) at fault, the Orleans Parish School Board to be twenty-five percent (25%) at fault, and the City of New Orleans Police Department to be twenty-five percent (25%) at fault. The case had been tried at the district court level against only the School Board because the other two defendants had settled with plaintiff prior to trial.
In our opinion, we wrongly stated:
In the instant case, as we have found Ronald Barnes, Jr. [the deceased child] to be without fault, the School Board is responsible for the total damages as a solidary obligor. The School Board of course may assert its own rights of contribution or indemnity against the other defendants.
The correct rule, which is well-established in the law, is that a non-settling defendant must be given credit for payments made by solidarily liable co-defendants who have settled with the plaintiff prior to trial. Valet v. City of Hammond, 577 So.2d 155 (La.App. 1st Cir.1991). The amount of credit given corresponds to the degree of fault attributed to the defendants who have settled. Id.; La.Civ.Code arts. 1802-1804.
Therefore, the Orleans Parish School Board is entitled to a credit of seventy-five percent (75%) of the damages awarded to reflect the negligence of the driver and of the City of New Orleans. Accordingly, we amend our prior judgment to reflect that the Orleans Parish School Board is liable to plaintiffs for twenty-five percent (25%) of the total damages suffered, and further that the School Board has no rights of contribution against the driver or the City of New Orleans. We therefore cast the School Board in judgment to plaintiffs in the following amounts: Fifty thousand dollars ($50,000.00) for damages suffered by Denise Barnes; and three thousand seven hundred fifty dollars *1344 ($3,750.00) for damages suffered by Kevin Goodman, plus legal interest and costs.