YELVERTON, Judge.
This case is a concursus. American Southern Home Insurance Company (American Southern Home) issued a mobile home insurance policy to Walter Lee Thibodeaux. Harvey Benoit, 15, while visiting in the Thibo-deaux mobile home on November 8, 1990, was accidentally shot and killed.
American Southern Home’s policy had liability coverage with a limit of $50,000, and medical coverage with a limit of $500. Laura *734 Guidry was Harvey’s mother. American Southern Home paid Laura Guidry $13,-947.07. It put the balance, $36,552.93, into a concursus, and impleaded two parties, Laura Guidry and Ronald Courville.
Laura was impleaded because she was the boy’s mother. The other claimant, Ronald Courville, was named because American Southern Home thought he might be the boy’s biological father.
The trial court found that Ronald Courville was indeed the biological father, and divided the concursus proceeds equally between the two claimants. The decision by the trial court to divide the proceeds equally was explained in its oral reasons for judgment. The decision was not based on the damages that each parent suffered by the wrongful death of Harvey, but because the trial judge deemed them to be the “joint and equal heirs of the decedent Harvey Benoit”.
Laura Guidry appealed. We reverse the award to Courville, and render judgment awarding all of the concursus proceeds to Laura Guidry.
The trial judge erred in treating the money on deposit in the concursus as the estate of the deceased child, and in treating the parents as heirs of the child. When the boy was killed, he was in the home of his uncle, Walter Lee Thibodeaux, and they were cleaning a gun together when it went off and he was shot. American Southern Home was the homeowners’ insurer of the boy’s uncle. American Southern Home put the money in the concursus. If American Southern Home owed any obligation to Laura Guidry and Ronald Courville, it was in tort based on the fault of its insured. The right of action that the parents had against American Southern Home was a wrongful death action for the damages each sustained as a result of the death of their son. La.Civ.Code art. 2315.-2(A)(2).
In the concursus, each parent was both a plaintiff and a defendant with respect to each other. La.Code Civ.P. art. 4656. Each had to prove the amount of his or her damages. When there is a concursus, the interpleaded parties must establish their respective claims to the fund, following which the claimants are paid in order of priority until the fund is exhausted. Landry & Passman Rlty., Inc. v. Beadle, S., W. & A, Inc., 303 So.2d 761 (La.App. 1st Cir.1974), writ denied, 307 So.2d 631 (La.1975).
Laura Guidry was unmarried when Harvey was born. The trial judge found that Ronald Courville was the boy’s biological father. We will not disturb that finding.
The trial judge made no determination of the amount of damages each parent suffered. The decision in the case is not complete until that determination is made. It is not necessary that we remand as the entire record is before us and we can determine damages based on the record. La.Code Civ.P. art. 2164; Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
Harvey lived with his mother all of his life. She raised him from birth until death. Ronald Courville never shouldered any of the responsibility of a parent. Although nonsupport charges were brought against him, Ronald never gave one penny for Harvey’s support. He never sent him gifts for his birthdays or for Christmas or any other time. He made no attempt to establish visitation. He never offered to assist financially in Harvey’s upbringing. He did not know his son personally, and made no attempt to get to know him. Even when Harvey came to Iota, Ronald Courville’s home town, to play baseball, Courville never talked to him. In fact, he never so much as spoke to the boy until a few weeks before his death, and that meeting was at the boy’s instigation, not the father’s. The only relationship that existed between the father and son was biological. The only parent Harvey ever had was his mother.
Not every biological parent is damaged by his or her child’s death, and parents are entitled only to “the damages which they sustained through the wrongful death of the deceased.” La.Civ.Code art. 2315.2; King v. State Farm Mutual Automobile Ins. Co., 485 So.2d 578 (La.App. 4th Cir.), writ denied, 488 So.2d 201 (La.1986), cert. denied, 479 U.S. 884, 107 S.Ct. 275, 93 L.Ed.2d 251 (1986). It has been held that a parent who is nothing more than the biological parent of a wrongly killed child, without being a partner in the parent-child relationship, is not entitled to a *735 monetary award for the death of the child. Mitt v. Security Ins. Co., 361 So.2d 465 (La.App. 4th Cir.), writ denied, 362 So.2d 1116 (La.1978).
We find that Ronald Courville failed to prove that he sustained any damages as a result of the wrongful death of Harvey Be-noit. We find that Laura Guidry suffered damages in excess of the $50,000 policy limit.
Our finding with regard to damages renders it unnecessary for us to address Laura’s remaining assignments of error.
For the foregoing reasons, the judgment of the trial court awarding Ronald Courville a portion of the proceeds on deposit in the eoncursus herein, is reversed and set aside. Judgment is rendered dismissing Ronald Courville’s claim in the eoncursus proceeding. The judgment in favor of Laura Guidry is amended to award her the remaining balance of the eoncursus deposit, a total of $36,552.93. The judgment is further amended to award Laura Guidry a judgment against Ronald Courville for the costs of these proceedings, below and on appeal, which have been deducted from the money on deposit. Any other costs are to be paid by Ronald Cour-ville.
REVERSED IN PART; AMENDED IN PART; AND RENDERED.