| iMARVIN, Chief Judge.
In this coneursus proceeding invoked by Allstate, the automobile liability insurer of a tortfeasor who caused disabling injuries to Knighten, an employee of Home Assistance Services, Inc., Knighten appeals a summary judgment awarding the Allstate policy proceeds [$10,000] to Louisiana Worker’s Compensation Corporation, the employer’s w.c. insurer, which had paid w.c. benefits and medical expenses exceeding $10,000 to or for Knighten after the March 9, 1994 accident.
In July 1994, LWCC notified Allstate of its position and its statutory lien rights as the w.c. insurer, obligated to Knighten. In February 1995 Knighten sued the tortfeasor, Allstate and others for personal injury damages, giving notice of that action by sending a copy of his petition to LWCC. After Allstate instituted the -coneursus proceeding in May 1995, Knighten dismissed Allstate from his February 1995 action in August 1995.
Emphasizing La.R.S. 23:1101 et seq. and LWCC’s failure to institute a similar action or to timely intervene in his action, Knighten contends, among other things, that LWCC waived or forfeited its right to claim Allstate’s policy proceeds deposited in the con-cursus proceeding. Knighten and LWCC, named as defendants in the coneursus proceeding, each moved for summary judgment, contending no genuine issues of material fact existed. The trial court denied Knighten’s motion and granted LWCC’s motion. Knighten appeals the granting of LWCC’s motion.
We affirm.
DISCUSSION
At the outset, we find no merit in Knight-en’s assignment relating to the quality and admissibility of LWCC’s “evidence” [affidavit *242 and accompanying documents] supporting summary judgment. No genuine dispute of a material fact exists in this record. La. C.C.P. art. 966.
| aApplying La.R.S. 23:1103 to the circumstances of this case, we hold that in a concursus proceeding invoked by the liability insurer of the third-party tortfeasor, the w.c. insurer may recover by precedence over the employee’s conflicting claim what the w.c. insurer has paid to or for the disabled employee in accord with its obligations under the w.c. law, notwithstanding that the w.c. insurer did not intervene in the employee’s pending action against the tortfeasor and liability insurer.

The W.C. Law:

La.R.S. 23:1101 provides that either or both the employee and the employer [or its w.c. insurer] may bring suit against a third party legally liable for the employee’s injuries who is not immune from tort liability. La.R.S. 23:1102 provides that the party first filing suit must notify the other, and the other may intervene in the third-party suit. While-the statutory language is permissive regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 400 (La.1980); National Surety Corporation v. Standard Accident Insurance Company, Inc., 247 La. 905, 175 So.2d 263 (1965); Houston General Ins. Co. v. Commercial Union Ins. Co., 96-0379 (La.App. 1st Cir. 11/8/96), 682 So.2d 1341, 1348. Todd-Johnson Dry Docks, Inc. v. City of New Orleans, 55 So.2d 650 (La.App.1951).[1]
|3It is not necessary for us to decide whether, in circumstances where a tortfea-sor’s casualty insurer does not join the disabled employee and the employer or its w.c. insurer in a concursus proceeding, the employer or w.c. insurer may be jurisprudentially required to intervene in an earlier filed third-party suit by the employee. The w.c. insurer, in the circumstances of this case, may intervene in a pending action according to La.C.C.P. art. 1091, as contemplated by La.R.S. 23:1102. We simply note that Knighten’s suit against the third-party tort-feasor was pending when the tortfeasor’s liability insurer instituted the concursus proceeding, naming Knighten and the w.c. insurer as defendants having conflicting claims to the $10,000 proceeds of the liability policy. See La.C.C.P. articles on concursus discussed infra. Art. 1091 contains no time limitation for intervening in the trial court other than that the intervention occur in a pending action.
Allstate was obviously aware of its potential exposure in the conflicting claims to its $10,000 policy proceeds, having been put on notice, by LWCC and later being sued by Knighten, if it paid or “settled” with only one and not the other claimant. See La.R.S. 23:1102(0(1) and 23:1103(A)(2); Shiver v. Wilson’s Dept. Store, 559 So.2d 864 (La.App. 4th Cir.1990). According to Knighten’s counsel, LWCC would not cooperate in settling with Allstate but adamantly insisted it was entitled to the $10,000 Allstate proceeds.

Concursus Proceedings:

The concursus proceeding instituted by a casualty insurer is a special proceeding, unlike the ordinary action for damages brought by an injured party against a casualty insurer. La.C.C.P. arts. 4651 et seq. provides the contradictory setting that allows two or more persons with conflicting claims to money to be required to assert their respective claims against each other. Art. 4652 authorizes a casualty insurer that admits liability for its full policy proceeds and deposits its Lpolicy proceeds in the registry of the *243 court, to implead persons who have conflicting claims for damages for physical injury.
Importantly, each defendant in the eoneursus proceeding [Knighten and LWCC] is considered as being both plaintiff and defendant with respect to each other and to Allstate. La.C.C.P. art. 4656. Thus, each defendant [LWCC and Knighten] became a plaintiff, claiming from Allstate and against the other named defendant in the eoneursus proceeding, just as if one had joined or intervened in the other’s pending action against Allstate.
Under these circumstances and notwithstanding that LWCC had not then intervened in Knighten’s pending action against Allstate, Allstate, as a party defendant in Knighten’s action, might have asserted its eoneursus demands in reconvention, joining LWCC and requiring both to assert their conflicting claims to the $10,000 policy proceeds. See La.C.C.P. arts. 1061-1067.
Instead, Allstate separately instituted its eoneursus, depositing the $10,000 proceeds in the registry of the court, joining Knighten and LWCC as defendants, and leaving it to the court to resolve their conflicting claims to the $10,000 proceeds. See Roadrunner Motor Rebuilders, Inc. v. Ryan, 603 So.2d 214 (La.App. 1st Cir.1992).

Waiver:

LWCC’s failure to intervene in the employee’s third-party suit before the filing of the eoneursus proceeding by Allstate cannot be construed as a waiver of its right to claim from the third-party tortfeasor the amounts it paid to or for Knighten under the w.c. law.
Waiver is the intentional relinquishment of a known existing legal right, power or privilege which, but for the waiver, the party would have enjoyed. Waiver occurs when there is a knowledge of the existence of the right and either |5an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce reasonable belief that - it has been relinquished. Steptore v. Masco Const. Co., Inc., 643 So.2d 1213, 1216 (La.1994).
We have no indication in this record of any knowing intentional relinquishment by LWCC of -its right to recover from Allstate what LWCC paid to or for Knighten. Nor is the conduct of LWCC in arguably “forcing” Allstate to institute eoneursus, or in refusing to agree to some division of Allstate’s policy proceeds, so inconsistent with LWCC’s intent to enforce its rights that one might reasonably believe LWCC had relinquished its rights. LWCC’s conduct compels the opposite conclusion.
Knighten further contends that the trial court’s award to LWCC was error because the provision of La.R.S. 23:1103 granting precedence to the recovery of the employer over the employee in apportioning recovery between employer and employee does not apply to the proceeds of the Allstate policy. Knighten reasons that the preference applies only to a judgment for damages, not to amounts received in settlement, while contending, of course, that Allstate’s policy proceeds were settlement funds. We cannot agree.
Either or both employee and the employer or its w.c. insurer may be plaintiffs in a suit against a third-party tortfeasor and his liability insurer as provided in La.R.S. 23:1103(A)(1). In a eoneursus proceeding invoked by a liability insurer, the deposit of the full amount of insurance coverage in the registry of the court amounts to an admission on the part of the insurer that any or all of the parties impleaded are entitled to judgment for damages against the insurer and its insured for at least the amount deposited. La. C.C.P. art. 4652. The admission of liability by the casualty insurer coupled -with the unconditional deposit of the funds in the registry of the court clearly encompasses the right of one or more of the |6named defendants to the “recovery of damages,” i.e., the policy proceeds. La.R.S. 23:1103. When two or more of the'plaintiffs with conflicting claims are named defendants in a eoneursus proceeding, the court is required to resolve the conflict. Consequently, La.R.S. 23:1103(A)(1) is applicable to the conflicting claims to Allstate’s policy proceeds under the circumstances we have summarized.
*244 Knighten alternatively requests that a portion of the $10,000 be awarded to him as attorney’s fees, as a proportionate share of the reasonable and necessary costs of obtaining third-party recovery, citing Moody v. Arabie, 498 So.2d 1081 (La.1986). Because Knighten made no such request or demand in the trial court in this record, we shall not consider this alternative. URCA Rule 1-3; Smith v. Boothe, 28,065 (La.App.2d Cir. 2/28/96), 669 So.2d 682.
CONCLUSION
Knighten admits there were no genuine issues of material fact in the concursus proceeding. LWCC paid to or for Knighten more than the $10,000 awarded in the summary judgment in the concursus proceeding. The award of the $10,000 proceeds to LWCC correctly recognized LWCC’s statutory preference over Knighten’s claim because the statute clearly mandates that the employer’s claim for payments actually made under the w.c. law takes precedence over the claim of the injured employee. Art. 23:1103(A)(1).
DECREE
Appellate costs are assessed to Knighten. The summary judgment of the trial court is AFFIRMED.

. See Roche v. Big Moose Oil Field Truck Service, supra. The court noted that the language concerning mandatory intervention in reference to both employer and employee in National Surety Corporation v. Standard Accident Ins. Co., Inc., supra, was dicta, not necessary to the holding in that case. Nonetheless, Roche ultimately concluded that the employee need not intervene in the employer or w.c. insurer’s third-party suit, but the employer or w.c. insurer must intervene in the employee’s first filed suit.