[JAMES L. CANNELLA, Judge.
Defendant, Denaud Egana, appeals from the default judgment rendered against him in a concursus proceedings over a legal fee dispute. For the reasons which follow, we reverse and remand.
Plaintiff alleged that, on or about October 14, 1998, he was retained as an attorney to represent the Defendant in a criminal matter. A $3000 fee was required and paid at the outset. Sometime prior to trial, the Defendant terminated Plaintiffs services and requested a refund. Plaintiff took the position that the entire fee had been earned by the time his services were terminated, but $2500 was placed in the registry of the court. Plaintiff filed a con-cursus proceedings on January 19, 2000 and requested service on the Defendant since he was incarcerated, under C.C.P. art. 1235. The return shows that domiciliary service was made on “Paul” on February 25, 2000. On March 14, 2000, Plaintiff took a default judgment against the Defendant. It is from this judgment that the Defendant appeals.
[sOn appeal Defendant assigns one error. He contends that the judgment against him is an absolute nullity and should be reversed because he was never served with notice of the proceedings or a copy of the petition.
Proper citation is the cornerstone of all actions. Rivers v. Groth Corp., 95-2509 (La.App. 1st Cir.9/27/96), 680 So.2d 762, 763. In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance of law, all subsequent proceedings are absolutely null. Rivers v. Groth Corp., supra; Scullin on Behalf of American Companies v. Prudential Insurance Company of America, 421 So.2d 470, 472 (La.App. 4th Cir.1982).
La. C.C.P. art. 1235.1 specifies the manner of service required for an incarcerated person and provides:
Service is made on a person who is incarcerated in a jail or detention facility through personal service on the warden or his designee for that shift. The warden or his designee shall in turn make personal service on the person incarcerated. Proof of service shall be made by filing in the record the affidavit of the person serving the citation and pleadings on the person who is incarcerated.
The record in this case, even after being supplemented on motion of Plaintiff by April 4, 2001 order of this Court, does not evidence that Defendant was properly served under C.C.P. art. 1235.1.
The citation requests service on “De-naud Egana ... thru personal service on the Warden or his designee for that shift at Dixon Correctional Institute.... ” However, the return of service does not evidence proper service was effected. The return indicates that “domiciliary service” was made on “Paul.” There is no indication of who “Paul” was, that is, whether he is the warden or his designee |4for that shift. *682 Also, there is no affidavit in the record by the person serving the citation and pleadings on the Defendant.
In a similar case, Johnson v. East Carroll Detention Center, 27,075 (La.App. 2nd Cir.6/21/95), 658 So.2d 724, the return of service made on an incarcerated person only indicated service on a person named “Karen Bailey.” In finding that the proof of service was insufficient, the court noted that there was no indication as to who “Karen Bailey” was, that is, whether she was the warden or the designee for that shift. The court also found that service was deficient because the record did not contain an affidavit by Karen Bailey indicating that she had served the required papers on the inmate.
Here, the return of service does not indicate who “Paul” was, whether he was the warden or a designee of the warden for that shift. Further, there is no affidavit in the record stating that Paul served the citation and pleadings on the Defendant. Absent proper proof of service, as required by law, any further proceeding in the case, including any judgment rendered, are an absolute nullity.
Accordingly, for the reasons set forth above, we find that the default judgment entered in this case is an absolute nullity and we reverse it. The case is remanded for further proceedings. Plaintiff shall bear the costs of appeal.
REVERSED AND REMANDED.