926 So.2d 771 (2006)
Reverend Clarence WILLS, Plaintiff-Appellant,
v.
NATIONAL AUTOMOTIVE INSURANCE and Dustin Webb, Defendant-Appellees.
No. 41,034-CA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
Reverend Clarence Wills, In Proper Person.
*772 Law Office of Ronald J. Miciotto by Cindy Carroll Steven Carby, for Appellees.
Before GASKINS, MOORE and LOLLEY, JJ.
MOORE, J.
Rev. Clarence Wills appeals a judgment disbursing settlement funds deposited into the registry of the court pursuant to a concursus proceeding invoked by National Automotive Insurance Company and its insured, Dustin Webb. The judgment is vacated and the case remanded.

Procedural Background
On January 24, 2003, Wills was driving his employer's Dodge van on Interstate 20 in Shreveport when he was rear-ended by a GMC truck driven by Dustin Webb. Three days later, Wills consulted with Ronald J. Miciotto for legal representation. Miciotto accepted the case and his office sent some demand letters to Webb's insurer, National Automotive, but Wills discharged him in a few months.
Wills filed the instant suit in proper person in Shreveport City Court in September 2003, alleging special damages of $3,711.23 (raised by amended petition to $4,406.37) and general damages, for a total claim of $7,500. National Automotive and Webb filed an answer asserting only general denials.
The record shows no further activity until February 2005 when trial was set for April 25, 2005. According to the court minutes, Wills appeared without counsel and was allowed to hold a pretrial conference with National Automotive's counsel. After the conference, they advised the court they had reached a settlement for $5,700, with National Automotive and Webb to be dismissed with prejudice.
An order of dismissal was to be submitted, but on June 27 Wills filed a "motion to reset trial," in essence a motion to enforce the oral settlement agreement.
Three days later, National Automotive and Webb filed a motion for concursus, as Miciotto had advised them he placed an attorney fee lien on the settlement proceeds. They also alleged that Rehabilitation Concepts Plus, a health care provider, had notified them of its own medical lien on the proceeds. The court ordered the settlement funds, $5,700, to be placed in the court registry and "the parties asserting claims to the funds assert their claims contradictorily before the court." The only parties served were Wills, Miciotto, Rehabilitation Concepts and National Automotive; only Miciotto filed an answer to the concursus. By an attached letter, he advised the court of six outstanding liens on the settlement.[1] At a hearing on July 27, the court overruled Wills's objection to placing the funds in the court registry.
On August 26, Wills filed a motion for release of funds. He alleged that Miciotto's fee of $500, as well as Rehabilitation Concepts' fee of $2,188.00, were excessive. The court signed an order requiring all parties claiming money from the settlement to show cause on September 28. Only Miciotto and Rehabilitation Concepts' attorney were served.
At the hearing on September 28, only Wills, in proper person, and Miciotto's counsel were present. The transcript does not show that any evidence was introduced; however, the record includes an affidavit from Miciotto's counsel claiming that he represented Wills from January 27 *773 through July 28, 2003, and that they were due attorney fees of $1,725.00. Most of the hearing was a colloquy between the court and Wills.
The court voiced its "personal opinion" that Wills wasted time and money, and refused to award him lost wages or mileage for attending court. Instead, after denying any reimbursement, the court stated that it would order "attorney's fees to be paid and that the balance be remitted to you of this money that's been paid on deposit." Miciotto's counsel was instructed to present an order to that effect. No mention was made of Rehabilitation Concepts or any other claimant.

Action of the City Court
The court ultimately signed a judgment to withdraw settlement funds from the registry of the court as follows:

 1. Ronald Miciotto (including
 $316.47 reimbursement) $1,316.47
 2. Rehabilitation Concepts Plus 2,188.00
 3. Willis Knighton Medical Center 694.00
 4. City of Shreveport EMS 412.00
 5. Dharam Gurwara, M.D. 625.00
 6. TriSpan Health Services 173.37
 7. Clarence Wills 291.16

The court also issued a per curiam stating:
This is regrettable. Rev. Wills fired his attorney and settled this case on his own without regard to liens and expenses that would have been added to any settlement obtained by his attorney. The result is expenses have virtually exhausted the proceeds of the settlement he concluded.
Wills took the instant appeal. By pro se brief, he alleges that under the terms of the settlement, "the amount of $5,700.00 [was] to be paid to Reverend Clarence Wills in person." He contends that Rehabilitation Concepts' bill was excessive and that he received no treatment at all from Dr. Gurwara, but he acknowledges the other claims.
Miciotto responds that under the contract of employment, he was entitled to one-third of the settlement, but that $1,000 plus costs was not an abuse of the court's discretion. He also urges that his affidavit proved the services rendered and listed all medical liens. At oral argument, he conceded that aside from Rehabilitation Concepts, the record did not show that any other health care provider had been served with the concursus.

Discussion
The appellate court shall render judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. The purpose of this article is to give appellate courts complete freedom to do justice on the record regardless of whether a particular legal point or theory was made, argued or passed upon by the court below. Official Revision Comment (a); Rachal v. Rachal, 35,074 (La.App. 2 Cir. 10/12/01), 795 So.2d 1286.
The concursus proceeding instituted by a casualty insurer is a special proceeding. The code of civil procedure provides the contradictory setting that allows two or more persons with conflicting claims to money to be required to assert their respective claims against each other. La. C.C.P. art. 4651, et seq.; Allstate Indemnity Co. v. Knighten, 30,012 (La.App. 2 Cir. 12/10/97), 705 So.2d 240. A casualty insurer that admits full liability for its policy proceeds and deposits those proceeds into the court registry may implead persons who have conflicting claims. La. C.C.P. art. 4652. Each defendant in the concursus proceeding is considered as being both a plaintiff and defendant with respect to each other and to the insurer. La. C.C.P. art. 4645; Allstate Indemnity Co. v. Knighten, supra. Each defendant must prove its right to a portion of the proceeds. American Southern Home Ins. *774 Co. v. Guidry, 93-720 (La.App. 3 Cir. 2/2/94), 631 So.2d 733.
Proper citation is the cornerstone of all actions, including concursus actions. La. C.C.P. art. 1201; Brigandi v. Egana, 01-176 (La.App. 5 Cir. 5/30/01), 788 So.2d 680. In the absence of evidence of proper citation and service of process informing the defendants of the claims against them, in strict compliance with the law, all subsequent proceedings are absolutely null and void. Peschier v. Peschier, 419 So.2d 923 (La.1982); Brigandi v. Egana, supra; Durr v. Audubon Ins. Co., 520 So.2d 972 (La.App. 3 Cir.), writ denied, 522 So.2d 561 (1987).
This record is patently inadequate to support the judgment rendered. Several entities who were never cited and served nonetheless received an award in the judgment. For this reason alone, we would vacate the judgment. Brigandi v. Egana, supra; Durr v. Audubon Ins. Co., supra. Moreover, these claimants were never even named as defendants or required to appear and assert their claims another deficiency fatal to the judgment. Allstate Indemnity Co. v. Knighten, supra. In general, this record shows little or no compliance with the requirements for a valid concursus proceeding. As a result, the judgment is at best unreliable and at worst an absolute nullity. In light of these findings, the judgment will be vacated and the matter remanded to the city court for the court to order National Automotive to additionally implead all parties having a privilege under La. R.S. 9:4751 et seq.

Conclusion
For the reasons expressed, the judgment is vacated and the matter remanded to the city court. Appellate costs are to be divided equally between all parties which, upon remand, receive a share of the concursus proceeds.
JUDGMENT VACATED; MATTER REMANDED.
NOTES
[1] These included his own lien for attorney fees of $500.00 and out-of-pocket expenses of $316.47; Rehabilitation Concepts Plus, $2,188.00; Medicare, $173.37; Willis Knighton Medical Center, $694.00; City of Shreveport EMS, $412.00; and Dr. Dharam Gurwara, $625.00.