STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1267


DARYEL LEDET

VERSUS

JO-DE EQUIPMENT RENTAL COMPANY, INC., ET AL.


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 70726
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.


AFFIRMED.


John Felton Blackwell
P. O. Box 10051
New Iberia, LA 70562-0051
(337) 367-8517
Counsel for Defendant/Appellee:
Spider Staging Corporation

**Timothy George Schafer**
**Schafer & Schafer**
**328 Lafayette Street**
**New Orleans, LA 70130**
**(504) 522-0011**
**Counsel for Defendant/Appellee:**
**Spider Staging Corporation**

**Michael Anthony McGlone**
**Clay A. Cosse, Jr.**
**Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman**
**909 Poydras Street, Suite 1450**
**New Orleans, LA 70112**
**(504) 585-3050**
**Counsel for Defendant/Appellee:**
**Corrosion Control Specialists, LLC**

**Arthel Joan Scheuermann**
**Scheuermann & Jones Law Office**
**909 Poydras St., Suite 2556**
**New Orleans, LA 70112**
**(504) 525-4361**
**Counsel for Plaintiff/Appellee:**
**Daryel Ledet**

**Paul D. Palermo**
**Craig V. Sweeney**
**Spyridon Palermo & Dornan, L.L.C.**
**3838 N. Causeway Blvd., #3010**
**New Orleans, LA 70002**
**(504) 830-7800**
**Counsel for Defendant/Appellant:**
**Jo-De Equipment Rental Co., Inc.**

**Patricia Jackson Delpit**
**Craig Vincent Sweeney**
**Johnson, Stiltner & Rahman**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0899**
**Counsel for Intervenor/Appellee:**
**Louisiana Workers' Compensation Corporation**

**EZELL, JUDGE.**

At issue in this appeal is whether or not an employer waived its tort immunity when it signed a rental agreement for some equipment which contained an indemnity agreement. The trial court granted a motion for summary judgment in favor of the employer holding that the employer did not waive its exemption from tort immunity.

**FACTS**

Corrosion Control Specialists was hired to perform some sandblasting and painting at the North American Salt Dome in Cote Blanche. In order to perform this work, Corrosion Control needed to rent some suspensive scaffolding. In December 2004, Travis Segura, president and one owner of Corrosion Control, contacted Larry Langlinais, manager of Jo-De Equipment Rental Company in New Iberia, regarding renting an Air Spider suspensive scaffold. After Mr. Segura and Mr. Langlinais discussed the specifics, Terry Bernard, the second owner of Corrosion Control, went to Jo-De to pick up the Air Spider scaffold on December 23, 2004. Mr. Bernard was required to sign a "SHIPPING OR DRAY RECEIPT" at the time.

On April 7, 2005, the Air Spider scaffold had to be replaced with another Air Spider scaffold, which Jo-De delivered. Again, on April 27, 2005, that Air Spider scaffold had to be replaced with yet another Air Spider scaffold.

On June 17, 2005, Daryel Ledet was working for Corrosion Control at the salt dome when the Air Spider scaffold fell while he was inside the lift, dropping him thirty-five feet to the ground. As a result of the accident, he received serious injuries.

On June 22, 2006, Mr. Ledet filed suit against Jo-De and SafeWorks, LLC a/k/a Spider Staging Corporation for the injuries he received. On August 10, 2007, Jo-De filed a third-party demand against Corrosion Control alleging that, pursuant to the rental agreement, Corrosion Control was obligated to defend and indemnify Jo-De

1

from any loss arising out of the use of the rented equipment. Jo-De filed a motion for summary judgment that Corrosion Control is contractually obligated to defend and indemnify Jo-De for the claim asserted by Mr. Ledet. Corrosion Control filed a cross motion for summary judgment seeking to dismiss Jo-De's third-party claim against it.

On April 22, 2009, a hearing was held on both motions for summary judgment. The trial court denied Jo-De's motion for summary judgment but granted Corrosion Control's motion for summary judgment. Judgment was signed on May 7, 2009. Jo-De appealed the judgment.

## STANDARD OF REVIEW

Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La.9/6/06), 938 So.2d 662, 669; *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750.

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ. Proc. art. 966(A)(2).

*Louisiana Safety Ass'n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass'n*, 09-23, p.5 (La. 6/26/09), 17 So.3d 350, 353-54.

## DISCUSSION

Judicial Confession

Jo-De first argues that Corrosion Control confessed the terms of the rental agreement in its answer. Thus, Corrosion Control cannot now argue that the terms

2

and conditions of the rental agreement do not apply to the relationship between the parties.

Pursuant to La.Civ.Code art. 1853, a judicial confession is a declaration made by a party in a judicial proceeding and constitutes full proof against the party who made it. A review of Corrosion Control's answer to the third-party demand of Jo-De does indicate that Corrosion Control admitted to signing the rental agreement. However, a further review of the whole answer clearly indicates that Corrosion Control denied that it owed any duty to defend or indemnify Jo-De. We do not find that Corrosion Control judicially confessed that the terms of the rental agreement were applicable, only that it signed the agreement which contained the terms as noted. *See Opti-Flow, LLC v. Prod. Servs. Intern., Ltd.*, 04-1357 (La.App. 3 Cir. 6/1/05), 903 So.2d 1171, *writ denied*, 05-1748 (La. 1/13/06), 920 So.2d 240.

Applicability of Indemnity Provisions

Jo-De claims that the trial court erred in failing to enforce the terms and agreements of the rental agreement which contained an indemnity provision. In granting Corrosion Control's motion for summary judgment, the trial court found that there was no discussion between the parties about an indemnity agreement. The court found that Corrosion Control did not make a knowledgeable waiver of its tort immunity under the Workers' Compensation Law. The court recognized that usually an employer who waives its right to tort immunity gets something in return for the waiver.

The shipping receipt was signed by both Mr. Bernard and Mr. Langlinais when Mr. Bernard picked up the Spider scaffold on December 23, 2004. "As consideration of this agreement of lease, lessee agrees to agreement printed on reverse side" was typed above the signature lines. The language on the reverse side of the shipping

3

receipt that Jo-De relies on provides:

> LESSEE shall defend, indemnify, and hold harmless LESSOR from and against any and all loss, damage, expense, injury, liability, and claims thereof arising out of, connected with, incident to, or directly or indirectly resulting from or related to LESSEE's performance of this agreement, including but not limited to, LESSEE [sic] use of equipment provided by LESSOR or others, for injury to or death of any person including, but not limited to any employee, agent, servant or contractor, or its employees, agents, or servants of LESSEE or LESSEES [sic] subcontractors or for loss or damage to the property of LESSOR or others, by whomever brought, whether based on statute, tort, contract, quasi-contract and whether or not LESSOR was or is claimed to be solely, concurrently, or comparatively negligent, and regardless of whether or not LESSORS negligence or fault pre-existed or occurred prior to the performance of the AGREEMENT. LESSEE SHALL PROMPTLY PAY (1) TO lessor all costs and attorney's fees incurred by LESSOR resulting directly or indirectly from any loss, damage, injury, liability, or claim for which LESSEE is obligated in indemnify LESSOR pursuant to this paragraph and (2) to LESSOR all costs and responsible attorney's fees in any legal action in which LESSOR prevails in whole or in part brought against LESSEE based on a breach of the agreement. LESSOR shall have the right at its option to participate in the defense of any suit or claim without relieving LESSEE of its obligation hereunder.

"A statutorily immune employer is free to enter into an indemnification agreement with persons who are potential third party tortfeasors." *Gauthier v. O'Brien*, 618 So.2d 825, 828, fn 9 (La.1993); *Stelly v. Overhead Door Co. of Baton Rouge*, 94-569 (La. 12/8/94), 646 So.2d 905. However, an employer must knowingly waive his tort immunity. *Graves v. Lou Ana Foods, Inc.*, 604 So.2d 150 (La.App. 3 Cir. 1992); *Jones v. Vela's Garage & Rental, Inc.*, 97-2486 (La.App. 4 Cir. 5/27/98), 717 So.2d 246, *writ denied*, 98-1760 (La. 10/9/98), 726 So.2d 35.

Waiver has been defined as "the intentional relinquishment of a known right, power, or privilege." *Steptore v. Masco Const. Co., Inc.*, 93-2064, p.3 (La. 8/18/94), 643 So.2d 1213, 1216; *Allstate Indem. Co. v. Knighten*, 30,012 (La.App. 2 Cir. 12/10/97), 705 So.2d 240. "Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so

4

inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Id*.

Mr. Langlinais of Jo-De initially met with Mr. Segura from Corrosion Control about renting a Spider in December 2004. Mr. Langlinais showed Mr. Segura how the Spider worked. A few days later, Mr. Segura contacted Mr. Langlinais and told him he would need a 200 foot cable with the Spider. They also discussed the price and payment terms at that time. Mr. Bernard picked up the Spider on December 23. Mr. Langlinais acknowledged that at no time did he discuss an indemnity agreement with Mr. Segura. He also acknowledged that he does not typically discuss indemnity agreements with his customers. Mr. Langlinais did not call any attention to the language on the back of the shipping receipt when Mr. Bernard picked up the Air Spider. Mr. Bernard stated that he read what he was picking up on the shipping receipt but did not read any of the other language. He did not see the indemnity language on the back of the receipt.

Corrosion Control contends that the shipping receipt is of no moment because an oral agreement was confected concerning the rental of the Spider before the receipt was signed. There is no dispute that indemnity was not an issue during Mr. Laglinais's and Mr. Segura's negotiations. Furthermore, in its oral reasons for judgment it is apparent that the trial court found that a contract was confected by the parties before the signing of the shipping receipt. The trial court found it important that there was no discussion of an indemnity agreement between the parties who agreed on the contract, i.e. Mr. Laglinais and Mr. Segura.

Pursuant to La.Code Civ.P. art. 1846, an oral contract for a price in excess of $500 can be proven by one witness and other corroborating circumstances. *White v. Rogers*, 04-1434 (La.App. 5 Cir. 4/26/05), 905 So.2d 1088. This is a factual finding

5

to which the manifest error standard of review applies. *Id*.

In *Coleman v. Jim Walter Homes, Inc.*, 08-1221 (La. 3/17/09), the supreme court was faced with the issue of whether an arbitration agreement found in the closing documents for the building of a manufactured home was applicable. The buyer had argued that an oral agreement had been confected as to the design of the home and the price with no mention of the arbitration provision. The supreme court found that when parties intend to reduce their negotiations to writing, they are not bound until the contract is reduced to writing and signed by them.

In this case there is no evidence whatsoever that a written contract was contemplated. All details of the rental had been agreed upon by Mr. Langlinais and Mr. Sequra prior to the signing of the shipping receipt by Mr. Bernard. Mr. Laglinais testified that he and Mr. Segura agreed on the model of the Air Spider scaffold that would be rented and the price. The evidence is very clear that at no point during the negotiations was an indemnity agreement discussed. Furthermore, Mr. Bernard was simply sent to pick up the Air Spider scaffold after the contract had been confected. The signing of the rental agreement was simply a routine practice that Jo-De followed when a piece of equipment was picked up, as it followed this same procedure when it had to replace the Air Spider scaffold on two occasions. Mr. Laglinais explained that these are delivery tickets and return tickets for the incoming and outgoing equipment.

Therefore, we find that an oral agreement had been confected for the Air Spider scaffold prior to Mr. Bernard signing the shipping receipt. No indemnity agreement had been contemplated or discussed. Corrosion Control did not waive its tort immunity. Jo-De was not entitled to defense and indemnity from Corrosion Control.

6

The judgment of the trial court granting Corrosion Control Specialists' motion for summary judgment and dismissing Jo-De Equipment Rental Company's claims is affirmed. Costs of this appeal are assessed to Jo-De Equipment Rental Company.

**AFFIRMED.**